UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

     Plaintiff,

v.

STATE OF MICHIGAN, et. al.,

     Defendants.

_____/

Case No. 2:26-CV-10648

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING THE CASE (ECF No. 1) AND DENYING WITHOUT PREJUDICE THE MOTION FOR A TEMPORARY RESTRAININIG ORDER (ECF No. 4)**

Plaintiff Dwight A. Campbell, proceeding *pro se*, is an inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania. On February 25, 2026, Plaintiff filed a civil action, in which he challenged the State of Michigan's decision to extradite him back to the State of Pennsylvania to face pending criminal charges there. *See generally* ECF No. 1. But for the reasons set forth below, the case will be dismissed without prejudice for want of prosecution.

On March 2, 2026, Magistrate Judge David R. Grand signed an order of deficiency under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. ECF No. 2. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund

1

account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months pursuant to § 1915(a)(2); the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the fifty five ($ 55.00) dollar administrative filing fee. *Id.* Plaintiff was given thirty (30) days to comply with the order. *Id.*

On April 9, 2026, Plaintiff filed an application to proceed without prepayment of fees, also known as application to proceed *in forma pauperis*, but failed to provide this Court with his certified prisoner trust account and current computerized trust fund account history for the past six months. *See* ECF No. 6.

The PLRA requires a prisoner seeking to proceed *in forma pauperis* to file a certified copy of his trust fund account statement covering the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Where a prisoner fails to provide either an affidavit of indigency or a certified trust account statement, the district court must advise the prisoner of the deficiency and allow thirty days to cure. *McGore*, 114 F.3d at 605. If the prisoner fails to comply within that period, the court must presume that he is not a pauper, assess the full

2

filing fee, and dismiss the case for want of prosecution. *Id.*; *see also Erby v. Kula*, 113 F. App'x 74, 75–76 (6th Cir. 2004).

Although Plaintiff has applied to proceed without prepayment of fees, his application remains deficient. He has not provided the Court with either a certified account statement or a copy of his computerized prison trust fund account history for the preceding six months. Because Plaintiff has failed to cure the deficiency within the time allowed, the Court must presume that he is not a pauper and dismiss his complaint accordingly. *See McGore*, 114 F.3d at 605. The Court will also dismiss without prejudice the motion for a temporary restraining order as moot. ECF No. 4.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint for failure to comply with the filing requirements of the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(1), (b)(1)–(2). This order does not preclude Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**This is a final order that closes this case.**

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
Dated: April 15, 2026                    United States District Judge