UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT A. CAMPBELL,

Plaintiff,

v.

STATE OF MICHIGAN, et al.,

Defendants.
_______________________________________/

Case No. 2:26-cv-10648

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO VACATE DISMISSAL AND REINSTATE THE CASE (ECF No. 13)**

Plaintiff Dwight A. Campbell yet again asks this Court to vacate the dismissal of this action and reinstate his case. This Court dismissed the action without prejudice on April 15, 2026, because Campbell failed to comply with the filing-fee requirements stated in the Court's deficiency order. ECF Nos. 2; 8. On August 21, 2026, this Court denied his first motion to vacate the dismissal, explaining that his belated submission of certified prison account records did not establish a basis for relief under Federal Rule of Civil Procedure 60(b). ECF No. 12. This Court further explained that the "Order does not preclude Plaintiff from filing a new civil rights complaint *under a new case number* so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees." *Id.* at PageID.34 (emphasis added).

Campbell's renewed motion, dated October 2, 2026, and received by this Court on October 14, 2026, states only that he has presented documents concerning his request to proceed *in forma pauperis* and asks this Court to proceed with the case. ECF No. 13. Because the motion was made more than 28 days after both the dismissal and the August 21 order, this Court considers it under Rule 60(b), rather than Rule 59(e). *See* FED. R. CIV. P. 59(e), 60(b).

Even liberally construed, the renewed motion identifies no ground for relief under Rule 60(b). To the extent Campbell refers to the account certification and statements submitted with his August motion, this Court expressly considered those materials in its August 21 order. *See* ECF Nos. 11 at PageID.27–29; 12 at PageID.33. His renewed reliance on the submission of financial records does not explain why this Court's prior ruling was mistaken or otherwise establish a reason to set aside the dismissal. The motion therefore provides no basis to reopen this action.

As this Court previously explained, the dismissal was without prejudice. Campbell may file a new civil action with the required filing and administrative fees or a complete application to proceed *in forma pauperis* and the required supporting account records. Plaintiff is expressly **WARNED** that further motions seeking to reopen this case on grounds already considered and rejected may result in an order requiring him to obtain leave of Court before filing additional motions seeking that relief.

Accordingly, it is **ORDERED** that Plaintiff's renewed motion to reinstate the matter, vacate all dismissal orders, and adjudicate all claims, ECF No. 13, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 30, 2026